**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD SMITH, | Case No.: 2:25-cv-03270-MEMF-MAA |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO REMAND [DKT. NO. 12]** |
| HOME DEPOT U.S.A., INC., ET AL, | |
| Defendants. | |

Before the Court is a Motion to Remand filed by Plaintiff Donald Smith. Dkt. No. 12 ("Motion"). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons stated herein, the Court GRANTS the Motion to Remand.

///

///

///

1

## I.     Background

### A.  Factual Background[1]

On June 12, 2023, Plaintiff Donald Smith was lawfully on the premises of Defendant Home Depot U.S.A., Inc.'s premises. Dkt. No. 1 at 16. As Plaintiff selected an item from a shelf and/or display, an unsecured mirror door track and/or similar object fell onto Plaintiff. *Id.* Plaintiff suffered injuries and damages. *Id.*

Jim Mara, a sales associate of Defendant, was working at the subject premises on June 12, 2023. Motion at 14. Mara allegedly caused the object to fall to Plaintiff by failing to exercise care with merchandise and did not warn Plaintiff of the known dangerous conditions at the subject premises. *Id.*

### B.  Procedural History

Plaintiff filed suit in Los Angeles County Superior Court on June 12, 2023. *See* Dkt. No. 1 at 8-32. Plaintiff's initial Complaint included three Defendants—Home Depot U.S.A., Inc., Nicky DOE, and DOES 1 to 50. *Id.* at 12. The initial Complaint did not include Mara as a Defendant. *See generally id.* The initial Complaint asserted the following causes of action: (1) negligence; and (2) premises liability. Dkt. No. 1 at 14.

On April 11, 2025, Defendant Home Depot filed an Answer to the Complaint. Dkt. No. 1 at 34-43.  Home Depot removed to this Court on April 14, 2025. Dkt. No. 1. The removal was based on diversity of citizenship pursuant to 28 U.S.C. section 1332. *Id.* at 2.

On May 14, 2025, Plaintiff filed the instant Motion. Motion. On June 12, 2025, Home Depot filed an Opposition. Dkt. No. 16 ("Opposition"). On June 16, 2025, Plaintiff filed a Reply. Dkt. No. 17 ("Reply").  In Plaintiff's Motion, Plaintiff includes proposed amendments to its original

---

[1] The following factual background is derived from the allegations in Plaintiff's Los Angeles County Superior Court Complaint, Dkt. No. 1 at 8-32, except where otherwise indicated. The Court makes no finding on the truth of these allegations and includes them only as background.

complaint, Dkt. No. 12-3, and seeks joinder of Mara and an order remanding the case to Los Angeles County Superior Court, Motion at 25.

## II.    Applicable Law

A plaintiff may generally amend his or her complaint as of right "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a)(1)(B) ("Rule 15"). However, if "after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e) ("Section 1447"). Whether to allow the joinder and remand the action when Section 1447 applies is left to the discretion of the district court. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

In the instant matter, Section 1447 governs as Plaintiff, after removal, Dkt. No. 1, seeks to join a Mara who would destroy subject matter jurisdiction. Section 1447 permits amendment after removal only at the discretion of the Court. 28 U.S.C. § 1447(e).

For a *post-removal* joinder via a Motion for Leave to Amend (not amendment as of right), if a district court grants a motion for leave to amend and allows a plaintiff to add a non-diverse defendant, Section 1447 requires the district court to then remand the action. *See Yniques v. Cabral*, 985 F.2d 1031, 1034–35 (9th Cir. 1993), *disapproved of on other grounds by McDowell v. Calderon*, 197 F.3d 1253, 1255 n.4 (9th Cir. 1999).

There is one non-binding but widely cited district court opinion that has addressed six considerations that govern the Court's consideration of allowing the joinder of a non-diverse defendant. *See Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000). The six considerations are:

> (1) whether the new defendants should be joined under Fed.R.Civ.P. 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*Id.*

The *Palestini* factors have not been formally adopted by the Ninth Circuit, but they are broadly used within this circuit by district courts analyzing whether to allow amendment under Section 1447. *See, e.g.*, *Meggs v. NBCUniversal Media, LLC*, No. 2:17-CV-03769, 2017 WL 2974916, *3 (C.D. Cal. July 12, 2017) (citing *Palestini* and using the same considerations); *Swain v. Enter. Bank & Tr.*, No. 2:21-CV-8728, 2022 WL 252005, *2–*3 (C.D. Cal. Jan. 25, 2022) (same); *Meza v. Extended Stay Am., Inc.*, 2:22-CV-04188, ECF No. 45, 3–13 (C.D. Cal. Sep. 26, 2023) (same); Karen L. Stevenson, et al., Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial, 2D-9, §§ 2:3645–2:3651 (2023) (listing same factors).

**III.    Discussion**

The Court will take the same approach as the *Palestini* court.[2] Plaintiff argues that joinder of Mara is necessary and proper under Section 1447; Defendant contends that Mara was not involved in the incident at the heart of the case and rather, Plaintiff is seeking a fraudulent joinder. *See generally* Motion; Opposition; Reply. For the reasons stated herein, the Court finds that joinder is proper under Section 1447.

**A. Joinder Is Proper Under Section 1447.**

i. The First Factor Does Not Favor Joinder.

As to the first factor, Plaintiff states, pursuant to Rule 19(a), joining Mara is necessary for just adjudication as Mara is directly involved in the incident and the claims against Defendant overlap entirely. Motion at 16. Defendant asserts that Mara played no part in the injuring incident aside from being present in the immediate area. Opposition at 4-5.

A party is required to be joined in two circumstances: (1) "in that person's absence, the court cannot accord complete relief among existing parties," or (2) "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may" impair that person's ability to protect the interest or leave an existing party subject to a risk of "double, multiple, or otherwise inconsistent obligations" because of the interest. Fed. R. Civ. P.

---

[2] The parties do not dispute the applicability of the six considerations as their briefings address the considerations in substantiating their respective positions. *See generally* Motion; Opposition; Reply.

19(a)(1). The determination of whether a particular nonparty is necessary to an action "is heavily influenced by the facts and circumstances of each case." *Confederated Tribes of Chehalis Indian Rsrv. v. Lujan*, 928 F.2d 1496, 1498 (9th Cir. 1991).

> The asserted amendments allege that Mara:
>  "[a]s a sales associate, Jim Mara was responsible for safely retrieving and/or moving merchandise from displays and/or storage systems. Jim Mara was also responsible for regularly inspecting and maintaining the safety of merchandise displays and/or storage systems of the subject premises, and to correct or to provide warning of defective and/or dangerous conditions on merchandise displays and/or storage systems of the subject premises."

Dkt. No. 12-3 at 3.

Absent Mara, there is no reason that the Court would be unable to accord complete relief between Plaintiff and Defendant. *See Palestini*, 193 F.R.D. at 658. Nor is there any indication that disposing of this action without Mara would impair Mara's ability to protect an interest. *Id.* Thus, the first factor weighs against allowing amendment.

ii.   The Second Factor Does Not Favor Joinder.

As to the second factor, Plaintiff concedes that the statute of limitations have not expired, but argues that judicial economy weights in favor of joinder. Motion at 16-17. The incident occurred on June 12, 2023, and Plaintiff filed suit on March 10, 2025. Dkt. No. 1 at . In California, the statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1. As such, the Court finds there is no indication that the statute of limitations would bar a state court action against Mara.

iii.   The Third Factor Favors Joinder.

As to the third factor, there has not been any unexplained delay in seeking joinder. *See Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. at 658. Plaintiff filed the instant Motion less than three months after the original complaint and within a month of Defendant's removal . Dkt. Nos. 1, 1-1; Opposition at 17. Defendant does not argue otherwise. *See generally* Opposition. This factors thus weighs towards allowing amendment.

iv.   The Fourth Factor Favors Joinder.

As to the fourth factor, the Court finds that the evidence suggests that joinder of Mara was not intended solely to defeat federal jurisdiction. *See Palestini v. Gen. Dynamics Corp.*, 193 F.R.D.

at 658. Defendant argues that there is "no basis for recovery" against Mara "based on the facts pleaded" and thus, Plaintiff attempts to fraudulently join Mara to defeat subject matter jurisdiction. Opposition at 6. Plaintiff posit that he seeks joinder to avoid the "significant duplication of court and litigant resources." Motion at 17. Given that the allegations against Mara and Defendant arise from the same facts and circumstances, the Court determines that there would be redundant and costly motion practice to have the parties litigate in both forums. Therefore, the Court finds reason to hold that Plaintiff seeks joinder based on judicial efficiency, not solely to defeat subject matter jurisdiction.[3]

### v. The Fifth Factor Favors Joinder.

As to the fifth factor, the claims against Mara appear valid. *See Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. at 658. Plaintiff maintains that the Mara was directly involved in Plaintiff's injuries and Mara's actions give rise to negligence and premise liability claims. Motion at 19. Defendant contends that the alleged duties Mara owed to Plaintiff attach to the proprietor—Defendant—not Mara, a sales associate. Motion at 5-6.

Because this motion is focused on a jurisdictional question, rather than a question of merits, the Court finds it appropriate to analyze this issue under the standard that the Ninth Circuit articulated for determining whether a pre-removal joinder was fraudulent. *See Grancare*, 889 F.3d at 548. Part of that inquiry is whether the plaintiff can "establish a cause of action against the non-diverse party." *See id.* This is not analyzed under a 12(b)(6) standard, and courts instead consider whether there is a "*possibility* that a state court would find that the complaint states a cause of action" against the additional defendant. *See id.* In explaining this lower bar, the court emphasized

---

[3] The Court notes that this factor is described at times as "the motive that the moving party has in seeking such amendment." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980) (focusing in part on whether the party had any "improper motive"). Even if the appropriate factor is the motive more broadly and not merely whether the motive was *solely* to defeat federal jurisdiction, the Court finds that a determination that the motive was not solely to defeat federal jurisdiction means that this factor—even if it weighs against allowing amendment—only does so slightly. In this case, the Court determines that consideration of all of the factors (even if this factor weighs against amendment) leads to the conclusion that amendment should be allowed.

that jurisdictional questions should not be conflated with 12(b)(6) motions which consider the merits. *See id.*

Applying *Grancare*, the Court finds that there is at minimum a possibility that a state court would find that the amendments state a valid claim against Mara. Plaintiff's amendments explicitly allege that Mara had a duty of care to maintain the safety of products of the subject premises and to warn of dangerous conditions, which he subsequently breached by allegedly exercising negligence in moving merchandise and failing to warn Plaintiff of the subject dangerous conditions. Dkt. No. 12-3 at 3; Reply at 6. Defendant perfunctorily argues that because Mara is alleged to be a sales associate, he had no responsibility for the maintenance of the store. Opposition at 5-6. Defendant overemphasizes Mara's title over Mara's responsibilities. It is implausible to find that a sales associate, an agent of the employer, owes no duty to maintain the safety or warn of dangerous conditions. *Perkins v. Blauth*, 127 P. 50, 52 (Cal. 1912) ("But, if a tortious act has been committed by an agent acting under authority of his principal, the fact that the principal thus becomes liable does not, of course, exonerate the agent from liability."). Further, Defendant states respondeat superior is inapplicable because the amendments do not demonstrate Mara's involvement in Plaintiff's injuries. Opposition at 6. Contrary to Defendant's assertions, the amendments provide that Mara "caused and/or contributed to the subject incident where a mirror door track and/or similar object fell onto Plaintiff" by failing to exercise care or warn Plaintiff of the dangerous condition, thereby alleging direct causation. Dkt. No. 12-3 at 3, 5; *see also Hendriksen v. Young Men's Christian Ass'n of San Diego,* 173 Cal. App. 2d 764, 770 (1959) (under respondeat superior, "both principal and agent may be sued in a single action"). Therefore, the Court concludes that there is a possibility that Mara could be liable in his individual capacity. This factor points in favor of allowing amendment.

### vi.   The Sixth Factor Favors Joinder.

Finally, as to the sixth factor, the Court finds risk of prejudice to Plaintiffs if amendment is not allowed. First, denying joinder would force Plaintiff to litigate duplicative actions, increasing cost and resources. Motion at 24; Reply at 9. Defendant states that Plaintiff would not be prejudiced because Mara did not contribute to Plaintiff's injuries. Opposition at 7. As stated, the Court finds

7

that Plaintiff has explicitly and validly alleged Mara's direct involvement in the incident resulting in Plaintiff's injuries. Thus, the Court finds that this factor weighs against allowing amendment.

On balance, the Court finds that these factors favor allowing amendment here. Although some factors point against allowing it, the Court finds that the lack of evidence that joinder was *solely* intended to defeat jurisdiction and the potential viability of claims against Mara outweigh the other factors. The Court concludes that amendment is proper. As Plaintiff and Mara are domiciled in California, there is no complete diversity under 28 U.S.C. 1332. Dkt. No. 12-3 at 2. Therefore, the Court is required to remand the action. *See Yniques*, 985 F.2d at 1034 (if amendment to add a non-diverse defendant is allowed, then Section 1447 requires the district court to remand the action).

Thus, applying either Rule 15 or Section 1447, the Court finds remand is required.

### IV.    Conclusion

For the reasons stated herein, the Court GRANTS the Motion to Remand. The action shall be remanded to Los Angeles County Superior Court.

IT IS SO ORDERED.

Dated: March 25, 2026

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge